830 F.2d 193
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
EASTERN ONION SINGING TELEGRAMS, Plaintiff-Appellant,
v.
SOUTH CENTRAL BELL TELEPHONE COMPANY, INC.; and Bellsouth
Advertising and Publishing Corporation,
Defendants-Appellees.
 No. 86-6186
 United States Court of Appeals, Sixth Circuit.
 October 1, 1987.
 
 Before KEITH, MILBURN and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff Eastern Onion Singing Telegrams, Inc. ('Eastern Onion') appeals the district court's grant of summary judgment in favor of defendant South Central Bell and Bellsouth Advertising in this diversity action alleging that defendants were negligent and in breach of contract in misprinting Eastern Onion's telephone number in Eastern Onion's advertisement in the Louisville, Kentucky, yellow pages telephone directory. The trial court granted summary judgment in favor of defendants and also granted summary judgment in favor of defendants on their counterclaim for accounts past due.
 
 
 2
 In May of 1984, Eastern Onion ordered an advertisement to appear in the Greater Louisville Yellow Pages Directory. Eastern Onion's Louisville telephone number in 1984 was 426-5000. The telephone number in the 1984 publication was, as defendants readily admit, incorrectly listed as 462-5000. The contract between Eastern Onion and the defendants contained a provision limiting the defendants' liability for any error or omission in the advertisement to the amount charged for the advertisement. Upon discovery of the misprint, the defendants did not charge Eastern Onion for the erroneous advertisement. When Eastern Onion sought to place advertisement in the 1985 yellow pages, the defendants denied that request because of a substantial past due balance unrelated to the incorrect yellow pages advertisement in 1984.
 
 
 3
 On September 27, 1985, Eastern Onion filed this action in Kentucky state court, essentially alleging that the defendants were negligent in the preparation and publication of the advertisement incorrectly listing Eastern Onion's telephone number. Eastern Onion requested monetary damages for loss of business as well as money expended in advising customers of the correct telephone number. Eastern Onion set forth two separate theories of relief. Count I of Eastern Onion's complaint asserted a claim for negligence and breach of contract, and Count II charged that the defendants' refusal in accepting advertising from Eastern Onion in the 1985 yellow pages was improper. In answer to Eastern Onion's charges, the defendants answered on October 21, 1985, claiming that (1) Eastern Onion's damages were limited by contract to the cost of the advertisement, which Eastern Onion had not been asked to pay, and (2) defendants had no duty to sell advertising to a subscriber already substantially in arrears. Defendants also asserted a counterclaim against Eastern Onion seeking recovery of advertising charges accrued and unpaid by Eastern Onion on eight separate accounts since 1983 and unrelated to the defective advertisement in 1984. Defendants filed a petition for removal with the United States District Court for the Western District of Kentucky on October 5, 1985.
 
 
 4
 In defendants' motion for summary judgment asking the court to dismiss the complaint and enter judgment on the counterclaim, defendants submitted the affidavit of a service representative in business marketing in defendants' billing management center, who verified the amount owed by Eastern Onion as $20,436.58. Eastern Onion failed to submit any affidavit or other evidence to challenge the stated account, admitted that it owed the defendants money for past advertising, but simply claimed it was without sufficient knowledge to determine the exact amount due. On October 9, 1986, the district court entered its Order and Memorandum Opinion granting defendants' motion for summary judgment on both the complaint and the counterclaim. This appeal followed.
 
 
 5
 Only two issues are presented to this court for review. Eastern Onion first argues that the trial court erred because the exculpatory language contained in the contract between the parties is unconscionable. Second, Eastern Onion claims that the trial court erred in granting judgment for the defendants on their counterclaim. Eastern Onion has abandoned Count II of its complaint specifically alleging that defendants' refusal to allow future advertising was improper.
 
 
 6
 Upon consideration of the briefs and record herein and after oral argument, the judgment of the district court is AFFIRMED for the reasons stated in the district court's Memorandum Opinion and Order, entered October 9, 1986.